When the court is ready. Whenever you're ready. Thank you. Melissa Hewell has been today for Ms. Bhatti and Mr. Samuel. Just a quick housekeeping. I've got a little bit of a cough, so I have some mints over here. I just got over that myself. Do you have water there? I think I'll just go with the mint, then I don't have to interrupt. Okay. I'm fine. Stacy, why don't you pour her a glass of water while she's arguing. Thank you, and I'm going to reserve two minutes if you would. This case is a little difficult because of the underlying record being somewhat limited, and obviously I took over and would not have drafted either of the complaints that were submitted in this case. But I do think that under, and I realize by the way I'm just kind of cutting to the chase. Well you've got nine minutes, I suggest you do so. All right. So underneath the the complaints as they stood and certainly with the amended complaint or the proposed amended complaint, which was somewhat better, the plaintiffs do maintain that they stated a cause of action under Washington law. I was following a bit of your argument and your discussion in this case before mine, and one thing of note that I would point out, the court in this case relied heavily on its own opinion in Votter, which had relied exclusively for Washington state law support upon the Krinky decision. Krinky is an unpublished Washington state Court of Appeals opinion, and as Justice Bee pointed out, there is constrictions in Washington law, but they're further than the justice actually, the judge actually pointed out. Under Washington state law, it's a bar. Thank you for interrupting you, but let me ask you a factual question that has bothered me. When did your clients default? It was it was several months before the foreclosure. I'm sorry, I don't remember the exact date. It's important. When did they stop paying their mortgage? I'm sorry, I didn't bring the entire record with me, and so I don't know it off the top of my head, Your Honor. It's in it's in the file, I It was about a year before the foreclosure occurred, I believe. A year before the foreclosure. Yes. The notice of default was given 12-1-2010. Keep that date in mind. Right. More than a month earlier, MERS had assigned its interest to GILD, its totally assigned it. So at that point, if there had been a default, GILD was both the beneficiary and the holder of the note, and the lender, and Botti and Samuel could have negotiated with GILD, the only person involved, MERS was out of the case, for curing a curable default. Right. So what's your beef? Well, Your Honor, as the complaint did actually state, they maintain that they did try and obtain a loan modification, and that they were not properly considered under the FHA guidelines, because this loan was in fact insured by the FHA. So there was some articulation. What does that have to do with GILD? Well, because GILD... Couldn't GILD say to them, we'll negotiate. If you pay us $100 now, we'll extend the term of the default, or we'll waive the default until next month? Well, actually, this isn't in the record, but... Then don't... Well, I mean, you've asked me a question, and the FHA guidelines, which are a matter of public record that I guess I can... Well, let me stop you. What does this have anything to do with the only two claims that are in front of us, the deed of trust and the CPA claim? Well, I was trying to answer the judge's question. One of the things that the client did indicate was that they are... So the FHA insures the loan, and so there's an incentive for a lender perhaps not to provide a loan modification, because they're going to have... They could be paid in full by the FHA if in fact the loan is foreclosed, rather than modifying. So there were allegations in the complaint made, perhaps not as articulately as I might make, but there were specific allegations that they were not properly considered for a guidelines, and that was part of the motivating factor for Guild. And then there were allegations... What does that have to do with whether MERS is in the picture or not in the picture? Well, MERS was not the primary, I guess, defendant. They weren't the primary focus in the case. Guild was also... MERS was completely out of the case by 12-29-2010. Well, I would respectfully disagree, Your Honor, because the question is whether or not they had the ability to assign anything, and whether or not that was part of the process. In other words, under Washington state law... The assignment to Guild was somewhat, somehow, infirm? Well, there is allegations regarding the validity of the notarization and the signature on that document. Allegations? This is a motion of summary judgment, right?  I thought your theory was that the initial transfer to MERS was void under Washington law, because you can't split the note and the deed of trust. Well, I don't think that Bain quite goes that far, because what the court clearly said in Bain is that the deed of trust follows the note. And what the court said is that MERS... It was an open question as to essentially what role in the foreclosure, because it doesn't have any rights, essentially, under... Doesn't your position have to be that that's void ad obitio? No, Your Honor, because, in fact, the last sentence in the Bain decision makes it clear that simply because you have MERS on your deed of trust doesn't mean you have a valid cause of action. That was absolutely the last... I mean, it was my case, so I heard that was the last sentence of the case. The confusion that I now have is that whatever it was that was transferred to MERS, the signing of the transaction, when all the paperwork was signed, was undone when MERS transferred it back to GILD, which had it initially. So I'm kind of where Judge Bain is coming from. Where's the beef? You say there's an allegation, an allegation that the transfer from MERS to GILD was invalid, right? Yes. What facts is... Use Iqbal, use Tuomly, and tell me what facts makes that allegation plausible. What facts? Well, there was a notarization question about whether or not... Don't do that. There was wrong dates on that. Was there somebody's signature that was forged? No, Your Honor, there was no allegation. Was there somebody who was signatory who was not authorized? That is an open question. No, no, no, no. There's a presumption that the person was authorized. What's the evidence that she wasn't, that Karen was not authorized? Karen Smith. There was none. Next. Well, Your Honor, I do believe that the Washington State law that has evolved since this decision was made makes it clear that at the very least they should be able to maintain a cause of action under RCW 6124.127, which is the post-sale statute, which says that you can have a claim even if a foreclosure has already occurred for violations under the Consumer Protection Act. What violation occurred that is alleged on facts? Well, and I'm sorry, it's somewhat constrained because of the way this case was played, but there was assertions regarding when the notice of trustee services was a new trustee, it was not the trustee under the deed of trust. So? Well, they would have to be appointed as the new trustee. They were. There is actually no facts and evidence regarding that. Well, no, yes. There's the guild-appointed NWTS on October 29, 2010. Well, I meant in the complaint. I'm sorry. In the complaint, there was not any allegations regarding that specific appointment and whether or not guild had the authority. You have to allege facts which the appointment is invalid, forged, unauthorized, the company didn't exist, something like that. Where's the facts? All right. Excuse me. You effectively concede that based on the way the case was played and the fact that there's no viable allegation that the deed of trust act was violated here on its face. However, based on Bain and these two other cases that come after it, I take it your main argument is that there could be a deed of trust act violation based on the entire record and that we should remand the case to the district court simply so that it can send it back to the state of Washington to analyze it under Bain and the two other cases, correct? Well, yes and no, Your Honor. We did not concede that there wasn't a cause of action under the deed of trust act entirely. But I took it you just said that in response to Judge Bea here this morning. I mean, what we're really asking is the district court thought it was futile to permit amendment and the question is, was it really futile or is there theoretically a cause of action that the bodies might have pled if they'd had a better lawyer? I think there absolutely is. I mean, so the claims that are usually made relate to in whose name the foreclosure sale is conducted, there's indications regarding whether or not the guild, for example, actually owns the loan because there are hundreds of cases where entities say, well, we have the note, we were the original lender and it turns out that they were not. So I certainly am stuck in this conundrum because it wasn't my case and I didn't have the opportunity to. So in your amended complaint, if we allow you to file it, are you going to plead facts to establish or to suggest that Guild, who was the lender, was not the original lender? I mean, didn't the money come from Guild? No, Your Honor. I'm sorry, I interrupted you. Did the money come from Guild? Oh, yes, Your Honor. I'm not saying that Guild was not the original lender. The question is whether or not they still held the note at the time of the foreclosure sale. Right. That would be what we'd be looking at. They did. I'm sorry. They could have sold it to anybody. They could have sold it. What did you allege who held the note? The allegation was not made in the complaint. So is the allegation simply going to be we allege that Guild didn't hold the note but you don't have any facts other than an allegation? Is that what you're telling us? No, I think that it can be made. I'm stuck with facts. That's what we keep coming back to. I disagree, but it's... I mean, I understand the legal issues, but we've got a dearth of evidence here, at least evidence that was pled or even suggested in the record. So how can I tell Judge Settle he abused his discretion in dismissing a complaint because on what was presented to him, it was futile? Well... Well, that may be a rhetorical question. I'll give you some time on rebuttal. Let's hear from Ms. Axtell. Thank you. Good morning, Your Honors. Katie Axtell on behalf of Guild Mortgage Company and MERS. To answer Your Honor's question, the notice of default provides, I believe it's in our clerk's papers at 118, that the interest was accruing from 5-1 of 2010. 5-1? Of 2010. The interest was accruing. That was my question. Oh, you mean this was an interest-only loan? It was an interest-only, but a lot of times when you look at the notice of default, they'll have the amount that's past due, and in this case, the When did they... Give me a record citation that indicates when the plaintiffs here, appellants, first stopped paying the note. You can draw an inference from the 5-1 2010 figure because when a payment is made, a lot of times it pays off the interest in principle. So if interest in principle... Are you talking about penalty interest? Is that what you're talking about? As I read the loan document, there was an extra 4% kicker that is triggered if you are in default on the loan. Is that what that notice is referring to? No, the notice just refers to the date from which the interest has accrued, and a lot of times that indicates... Well, if that's at ER 118? Correct, in our... Now, if that's so, at that point in May of 2010, that was before MERS had assigned the interest to Guild. So at that point, Boddy and the other plaintiff, Semwell, could not have negotiated a curable default solution with Guild because it looked like MERS was a beneficiary of the deed of trust. There's never been an allegation in this... Would you answer yes or no on that? I disagree. They did try to contact Guild. Guild was the servicer and the holder of the note. Is that in the record somewhere? There's never been an allegation that it wasn't... So the answer is no? There's no such allegation in the complaint? There's no allegation in the complaint, and furthermore, the plaintiffs dealt with Guild in the negotiations... How do we know that? That's included in the allegations in the amended complaint, and it also attached... Guild? I believe it was in... Whenever I hear somebody say, I believe, it means that you don't know. I don't know. I left the record over there, but... So neither of you brought the record to court? I have the whole record. Well, you're welcome to refer to it if you can help answer our questions. Okay. I apologize that it's taking me a moment to find the correct... So the amended complaint in our excerpts of record... Cite. It begins on ER 183, and the allegations relating to the modification are pled in ER 194, and it generally had to do with, in connection with their cause of action for intentional infliction of emotional distress, which has now been abandoned.   and the plaintiff is in a state of emotional distress, did they first deal with Guild regarding a mortgage modification? They stated in paragraph 90 of the amended complaint, it states that they applied for a loan modification in 2010, in January of 2010. In January of 2010, that would be before Morris assigned its interest to Guild? Under the assignment of the deed of trust. However, at all times, Guild was the lender... Guild was always the lender. ...in service of the loan. In fact, attached to the complaint... So your point is that the plaintiff at no time was misled into thinking that it had to talk with Morris as far as the modification, because before the assignment under the deed of trust of October 29, 2010, the plaintiffs had already contacted, by their own admission, Guild to seek a loan modification? Exactly. And there were also questions regarding what they deemed as a qualified written request that were also addressed and sent to Guild. I don't understand something procedurally here. You removed the case from Snohomish County, correct? We did. Okay. The motion practice resulted in a very favorable result whereby the federal claims were dismissed and quite possibly properly so. That's not before us. The only issue to me is whether or not the district judge properly or improperly dismissed the state law claims with prejudice. It would appear, based on the plaintiff's argument and on its face, that the district judge made the proper ruling at the time, but now there seems to be this development in state law that may or may not give the body and seminal plaintiffs an opportunity under Bain to make a better showing that there was a violation of the state deed of trust act. Why not just save everybody a lot of time and effort and agree to a remand of the state and go back there and litigate the issue? And it's not a case of federal law as to whether or not the deed of trust act was violated or not. Why not just go back and argue the case in state court and get some clarity there? Your Honor, the district court had the opportunity to review two complaints, the original complaint and the amended complaint to see if they met the standards under Twombly and Iqbal. It found that it did not, and it denied the plaintiff's request to seek an amendment or submit the amended complaint that it failed to state a claim under 12b-6. There has not been, even since the district court has entered its final order, there has been no specific allegation of a violation of any provision under the deed of trust act. We have some questions, or open questions, which were argued from appellants in their brief that there is some discrepancy about the dates on the assignment of the deed of trust. However, the assignment of the deed of trust isn't necessary in Washington in order for a beneficiary under the deed of trust to conduct a foreclosure. So you think it's more efficient for the Ninth Circuit to look at the two remaining state law claims in the complaint and affirm the district judge's vacation of them or dismissal of them rather than just you on your own agreement doing so and going to the state of Washington to get a determination based on what appears to be a development of law and intervening two and a half years' time, correct? Correct, Your Honor. The order from the district court was entered two years ago. We've been waiting two years. We've argued our case. We've written it up. And a substantive determination of this court is more favorable to us than somehow a remand back to district court. My clients would be prejudiced from all the time that's spent continuing to defend this action both in the district court and on appeal. Substantively, the plaintiff's refinanced a loan, defaulted on it, never paid, and the bank's out of money. Period. That's essentially what the case is all about, right? That is what the case is about. Okay. Well, you own the property. Now, what's happened to the property? The property has been sitting. Has been? Has been sitting. I don't have any... It's not been sold to a bona fide purchaser? It has not been sold. Okay. All right. Thank you, Your Honor. Thank you. If you have no other questions. I don't think I have anything further. Ms. Hulsman, I'll give you a minute on rebuttal. Turning to Your Honor's last few questions to opposing counsel, I want to point out again, this is an FHA loan, so any losses that may or may not be incurred on this loan will be paid for through FHA. So, there's... The bank is not out any money. I have no idea why the property has not been sold. We have not... There's no lease pendants or anything else prohibiting the sale of the property. I do agree that the case should go back to state court. I think it's properly determined under Washington state law. I would certainly welcome the opportunity to much better plead this case. Well, but your opponent just said essentially what you're looking for is a second bite of the apple. At the time the case was filed, and I believe you conceded this in response to my question and Judge Bea's inquiry, there were insufficient allegations under the DTA. The district judge looked at that, did not know about Bain, entered judgment, and as Judge Tallman questioned you, there doesn't seem to be any additional facts you could allege, so why don't we just affirm this case and move on? I mean, is your position that they're entitled to get the property back? Well, I think that's an open question under Washington state law right now. They have not made a payment since sometime in early 2010? Well, there's two things happening here. First, I think that is an open question under Washington law because we have 127, 6124-127. But at the very least, 6124-127, which has been the law since 2009, makes it clear that they have a claim for money damages even if they cannot seek return of the property. But under Washington law, when you look at the Albice and the Schroeder decisions, those cases predated 127. And so I think it is still an open question of Washington law regarding how strictly the courts are going to... ...the conundrum of what facts they have that would establish either a violation of the Deed of Trust Act or the Consumer Protection Act. And I haven't heard any in the 20 minutes we've been arguing this case. I've heard a lot of theories. I've read the opinions. The opinions say, well, on the right set of facts, you might have a claim. But again, how can I tell Judge Settle... It's Judge Robart, by the way. ...or Robart that in hindsight he was wrong in concluding three years ago, two years ago, that there was... that any amendment would be futile. Well, we certainly think that the Washington Court of Appeals has determined that his decision in Bader which he relied upon extensively is incorrect. And we'll see what the Washington Supreme Court has to say about that and free us in a few months. Okay. Thank you very much. Case disargued is submitted. The following case on the docket, SEC versus Larry Lee Adair has been submitted on the briefs as has United States versus Windsor. Ms. Bruner, let me ask you, we haven't heard anything more on Windsor. Are we done with that case? Did he plead? Oh, I'm sorry. Yeah. To run? Okay. Thank you very much for the update. Okay,  is also submitted on the briefs...
judges: Murphy, Tallman, Bea